Case 4:24-cv-02961   Document 19   Filed on 04/17/25 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 23, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAMERON POLK, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-2961 |
| AMERICAN RESIDENTIAL SERVICES, LLC, *Defendant*. | § § § § § | |

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

Before the Court is Defendant American Residential Services, LLC's ("Defendant") Motion to Compel Arbitration. (Doc. No. 12). Plaintiff Cameron Polk ("Plaintiff") filed a response in opposition, (Doc. No. 14), and Plaintiff replied. (Doc. No. 15). The Court hereby **GRANTS** the Motion to Compel Arbitration. (Doc. No. 12).

### I.   Background

Plaintiff began his employment with the Defendant in March 2023 and claims that he was wrongfully terminated in May 2023. (Doc. No. 1-2 at 2). Plaintiff was employed as an Air Conditioner Technician and often performed inspections in clients' homes pursuant to a written employment agreement. (*Id.*). Plaintiff alleges that he was performing a routine inspection in a client's attic when he fell through the ceiling and was significantly injured. (*Id.*). While Plaintiff alleges that he took all appropriate steps to notify his supervisor and comply with worker's compensation steps, he was terminated for failing to complete a drug screening. (*Id.* at 3). As a result of his termination, Plaintiff filed a charge of discrimination with the EEOC, and a lawsuit for retaliation, discrimination, and violations of the ADA and FMLA. (Doc. No. 1-2 at 4–5).

Defendant then moved to compel arbitration, citing the arbitration provision of the Plaintiff's employment contract, which states that "neither [Defendant] nor [Plaintiff] will be

allowed to bring any Disputes covered by the agreement to arbitrate to a court or jury for a resolution except as set forth in the Process." (Doc. No. 12-1 at 9). Specifically, the arbitration agreement ("the Agreement") covers disputes between ARS and "any Associate who is in the employ of [ARS] on or after September 1, 2016." (*Id.*).

## II. Legal Standards

"Courts adjudicating a motion to compel arbitration engage in a two-step process." *Hadnot v. Bay, Ltd.*, 344 F.3d 474, 476 (5th Cir. 2003). The first step of the analysis is to determine whether "'(1) . . . there is a valid agreement to arbitrate the claims and (2) . . . [whether] the dispute in question fall[s] within the scope of that arbitration agreement.'" *Janvey v. Alguire*, 628 F.3d 164, 182 (5th Cir. 2010) (quoting *Sherer v. Green Tree Servicing*, 548 F.3d 379, 381 (5th Cir. 2008)); *Gross v. GGNSC Southaven, LLC*, 817 F.3d 169, 176 (5th Cir. 2016). In the absence of a contrary federal statute, arbitration should be compelled under the FAA. See 9 U.S.C. § 3.

"Under the FAA, the federal district court ascertains only whether the arbitration clause covers the allegations at issue. If the dispute is within the scope of the arbitration clause, the court may not delve further into the merits of the dispute." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002). Any "ambiguities as to the scope of the arbitration clause itself [are] resolved in favor of arbitration." *Volt Info. Sci., Inc. v. Bd. of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989).

## III. Analysis

The Court finds that the Agreement is legally enforceable, and that Plaintiff's dispute falls within its scope. As such, the Court **GRANTS** the motion to compel. (Doc. No. 12).

Turning to the first step, the Court must determine whether the Agreement is valid and enforceable. Plaintiff objects to the enforcement of the arbitration clause because there "was no mutual assent." (Doc. No. 14-1 at 3). Despite this assertion, it is undisputed that Plaintiff willingly

2

signed the Agreement with the Defendant. (Doc. No. 12-1 at 12). Further, the Agreement itself has a provision allowing employees to *opt out* of the arbitration provision—an option Plaintiff chose not to exercise when given the opportunity. (Doc. No. 12-1 at 11). Thus, Plaintiff's mutual assent is without merit. He has effectively agreed to it twice—once when he signed it and once when he chose not to opt out.

Plaintiff next objects to the enforcement of the Agreement based on procedural and substantive unconscionability. These unconscionability arguments likewise fail because the Agreement is not a contract of adhesion. Whether an agreement is procedurally unconscionable rests on whether the contract results in unfair surprise or oppression. *In re Palm Harbor Homes, Inc.*, 195 S.W.3d 672, 679 (Tex. 2006). As a general rule, even contracts of adhesion are not automatically unconscionable. *In re AdvancePCS Health L.P.*, 172 S.W.3d 603, 607 (Tex.2005). Here, Plaintiff's argument lacks support—the employment contract was not a contract of adhesion and Plaintiff was given the opportunity to opt out of the arbitration provision if desired:

> **10. AN ASSOCIATE'S RIGHT TO OPT OUT OF ARBITRATION:**
> Arbitration is not a mandatory condition of my employment with the Company. I may submit a written statement stating that I wish to opt out and not be subject to Section 9 of the Process. In order to be effective, my signed and dated statement must be returned to the Human Resources Department . . . within 30 days of my receipt of this Process.

(Doc. No. 12-1 at 11). Plaintiff does not argue that he failed to read the terms of the Agreement, but even if he did, his failure to read the terms of his own employment agreement cannot exempt him from their enforcement. *Perez v. Lemarroy*, 592 F. Supp. 2d 924, 933 (S.D. Tex. 2008) ("Parties to a contract have an obligation to protect themselves by reading what they sign and, absent a showing of fraud, cannot excuse themselves from the consequences of failing to meet that obligation."); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 134 (Tex. 2004). Thus, the Court finds that there was no unfair surprise or lack of bargaining power, rendering the procedural unconscionability arguments meritless.

3

Next, Plaintiff argues that the agreement is substantively unconscionable because "it imposes unfair terms that significantly disadvantage Plaintiff." (Doc. No. 14 at 4). Plaintiff's response in opposition does not state with specificity what aspects of the Agreement that are unconscionable other than a few conclusory statements about costs and fees. Plaintiff has not put forth the specific and definitive evidence of the costs of arbitration that have been required by Texas courts or the Fifth Circuit. *See Perez*, 592 F. Supp. 2d at 935. Plaintiff was given the terms, and the opportunity to opt out of the arbitration provision, and affirmatively chose to sign the agreement. As such, Plaintiff has not adequately shown that the agreement is unconscionable on either procedural or substantive grounds.[1]

Since the arbitration agreement is valid and enforceable, the next step is determining whether Plaintiff's claims fall within the scope of the agreement. Plaintiff argues that the arbitration agreement does not cover his particular claims. Specifically, Plaintiff argues that "[e]ven though the arbitration agreement covers a wide range of claims, including statutory claims for discrimination and retaliation, it should not be enforced to cover Plaintiff's wrongful termination, retaliation, and discrimination claims due to the nature of these claims and public policy concerns." (Doc. No. 14-1 at 5). These vague policy-implicating statements do not adequately address the language of the Agreement. The Agreement's Covered Disputes clearly states that suits against the company or its officers for (1) discrimination; (2) retaliation; (3) torts; and (4) violations of state or federal employment related statutes such as Title VII, ADEA, ADA, EPA, FMLA, FLSA are covered disputes under the arbitration provision.

---

[1] The Court notes that at various times Plaintiff argues that the arbitration agreement is "unconstitutional" as well. Since the statements concerning constitutionality do not include legal grounds to support them, the Court understands these to be reoccurring typos referring to the "unconscionability" arguments. *See, e.g.,* (Doc. No. 16 at 2). Nevertheless, Federal Arbitration Act (and its enforcement) has been repeatedly found to be constitutional, and the Court finds so here. *See, e.g., AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011); *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022).

The Agreement's "Disputes Covered by the Process" section describes the following as disputes that fall within the scope of the Agreement:

> (i) discrimination or harassment based on race, creed, color, religion, sex, age, disability, leave status, national origin, ancestry, sexual orientation, marital status, veteran or military reserve status, privacy or any other characteristic protected by federal, state or local law, (ii) retaliation, including, but not limited to, whistleblower status or retaliation for filing a workers' compensation claim, (iii) torts, including, but not limited to, defamation, invasion of privacy, infliction of emotional distress, negligent hiring or retention or workplace injury not otherwise covered by applicable workers' compensation laws, (iv) violations of any employment related law, including, but not limited to, Title VII of the Civil Rights Act, the Civil Rights Acts and amendments of 1866, 1871 and 1991, the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, the Americans with Disabilities Act, the Equal Pay Act, Genetic Information Nondiscrimination Act, the Family and Medical Leave Act, the Worker Adjustment Retraining and Notification Act, the Fair Labor Standards Act, and any amendments to these laws, and any such related or similar state or local laws, (v) any federal, state or local law or common law doctrine for breach of contract, promissory estoppel, wrongful discharge or conversion . . .

(Doc. No. 12-1 at 9) (emphasis added). Plaintiff's live pleading alleges claims for retaliation, discrimination, and wrongful termination under ADA and FMLA. (Doc. No. 1-2 at 4–5). Each of these is explicitly listed in the provision agreement as covered disputes. Plaintiff's vague and conclusory arguments that enforcement of the arbitration provision would "deny substantive rights" is woefully insufficient. Furthermore, Courts have found that these types of claims can be the subject of arbitration clauses. *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 35 (1991) (finding that ADEA claims are subject to arbitration); *Shaw v. Walsh Servs., Inc.*, No. CIV.A.3:96-cv-1772-D, 1997 WL 30907 at *1–2 (N.D. Tex. Jan. 22, 1997) (Fitzwater, J.); *Rosas v. WHW Towing Co. L.P.*, No. 3:06-cv-2390-B, 2007 WL 9717313 (N.D. Tex. Oct. 12, 2007) (Boyle, J.).

### IV.    Conclusion

Based on the foregoing, the Court finds that there is a valid and enforceable arbitration agreement between the parties, and that the dispute falls within the scope of the agreement. As such, the Court **GRANTS** Defendant's Motion to Compel, and **ORDERS** arbitration proceedings initiated within 30 days. The Court hereby **STAYS** this case pending the results of the arbitral

proceeding. Counsel shall inform the Court of the status of the arbitration on or before January 9, 2026.

SIGNED this 17th day of April, 2025.

_____
Andrew S. Hanen
United States District Judge